# IN UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT JACKSON and KAREN JACKSON, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 16 C 3281 |
| v. | ) ) | |
| SAFEGUARD PROPERTIES, LLC and NATIONSTAR MORTGAGE, LLC, | ) ) ) | Judge Jorge L. Alonso |
| Defendants.[1] | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs bring this case under the Fair Debt Collection Practices Act, 15 USC § 1692 *et seq.* ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("ICFA") and assert multiple Illinois state-law claims. Before the Court are defendants Nationstar Mortgage, LLC ("Nationstar") and Safeguard Properties, LLC's ("Safeguard")[2] motions to stay or dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, the motions are denied.

## BACKGROUND

In June 2008, plaintiff Robert Jackson entered into a mortgage with Taylor, Bean & Whitaker Mortgage Corporation for real property located at 9130 South Mozart Avenue in Evergreen Park, Illinois. (Am. Compl. ¶¶ 17, 19.) That mortgage was later transferred to Ocwen Loan Servicing, LLC ("Ocwen") and then to Nationstar. (*Id.* ¶¶ 22, 28.) On July 20, 2010, plaintiffs defaulted on their mortgage and Ocwen filed a state foreclosure action, which is

---

[1] All other defendants were voluntarily dismissed on December 21, 2016 [48].

[2] Safeguard was not served until after Nationstar's motion was fully briefed. Safeguard "join[ed] in, adopt[ed], and incorporate[d] by reference" Nationstar's motion and reply to abstain and dismiss or stay. (Safeguard's Mot. at 1-2.)

currently pending. (*Id.* ¶¶ 24, 26.) *See Ocwen Loan Servicing, LLC v. Robert Jackson*, Case No. 10 CH 31109.[3] In March 2015, while the state foreclosure action was ongoing, plaintiffs claim that Safeguard representatives (at Nationstar's direction) broke into their home while they were out of town despite clear evidence that plaintiffs were currently residing there. (*Id.* ¶¶ 32, 38, 50, 52, 73.) Plaintiffs allege that these individuals destroyed portions of their home and property, including changing the locks and removing personal property from the premises. (*Id.* ¶¶ 65, 71.) Plaintiffs also assert that they are still residing in the property that is the subject of the foreclosure action. (Pl.'s Resp. at 6.)

## STANDARD

When considering a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a district court accepts as true all well-pleaded factual allegations and draws reasonable inferences from the allegations in favor of the plaintiff. *Kelley v. Med-1 Sols., LLC,* 548 F.3d 600, 604 (7th Cir. 2008) (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)). The court may also look beyond the allegations of the complaint and consider affidavits and other documentary evidence to determine whether subject-matter jurisdiction exists. *Capitol Leasing*, 999 F.2d at 191.

## DISCUSSION

Nationstar argues that this Court should decline jurisdiction pursuant to the *Colorado River* abstention doctrine. (Def.'s Mot. at 3.) That doctrine endorses federal abstention in "exceptional circumstances" where a case is more appropriately handled in the parallel state court proceeding. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813-

---

[3] Although a motion to dismiss is limited to the contents of the complaint, the Court may take judicial notice of other court filings. *See, e.g., Sledge v. Bellwood Sch. Dist. 88*, No. 09-cv-4186, 2010 WL 1579920, at *4 (N.D. Ill. Apr. 20, 2010) (citing *Opoka v. INS*, 94 F.3d 392, 395 (7th Cir. 1996)).

14 (1976). The Supreme Court emphasized that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" and "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Id*. at 813, 817. The Seventh Circuit has held that determining whether to abstain under *Colorado River* requires district courts to undertake a two-part inquiry: 1) to "determine whether the concurrent state and federal actions are actually parallel" and 2) to consider whether "exceptional circumstances" exist to justify abstention. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498 (7th Cir. 2011) (quoting *Tyrer v. City of S. Beloit*, 456 F.3d 744, 751 (7th Cir. 2006)).

To determine whether lawsuits are parallel actions, courts consider whether "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011) (quoting *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004)). Although lawsuits need not be identical to be deemed parallel, there must be a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Adkins*, 644 F.3d at 499 (quoting *Clark*, 376 F.3d at 686). "Any doubt regarding the parallel nature of the state suit should be resolved in favor of exercising jurisdiction." *Id.* (quoting *AAR Int'l, Inc. v. Nimelias Enters., S.A.*, 250 F.3d 510, 520 (7th Cir. 2001)).

Nationstar points to several factors that it says weigh in favor of deeming the two actions parallel. First, both cases revolve around questions of the plaintiffs' right to possess the property under Illinois law and the parties' compliance with the terms of the mortgage. (Def.'s Mot. at 4.) Second, defendant argues that the state action is so intertwined with the federal case that a state-court determination that plaintiffs defaulted on their obligations prior to the alleged break-in would cause the claims in this case to fail as a matter of law. (Def.'s Reply at 2.) Defendant

3

notes that a state action need not dispose of every single claim in the parallel federal action as long as it resolves "the bulk of the factual and legal questions 'by examining largely the same evidence'" as in the federal case. (*Id.* at 4 (quoting *Delaney v. Specialized Loan Servicing, LLC*, No. 15 C 5260, 2015 WL 7776902, at *4 (N.D. Ill. Dec. 3, 2015) (quoting *Huon*, 657 F.3d at 647)).) Finally, it claims that because the Jacksons could bring Safeguard into the state-court action via a cross-claim or third-party complaint, it is disingenuous to suggest that the parties in the two cases are not parallel. (Def.'s Reply at 4-5.)

Conversely, plaintiffs argue that there is little factual or legal overlap between this case and the state foreclosure action. This case arises solely from the events of March 2015, which play no role in the state foreclosure action. Moreover, even if the state foreclosure action resolves the question of who possesses the real property at issue, plaintiffs' allegations about the alleged trespassing and damaging of their personal property would remain. Plaintiffs point out that Karen Jackson and Safeguard are not parties to the state case. (Pls.' Resp. at 3-4.) Only Robert Jackson and Nationstar are parties to both cases. Thus, they contend, neither the parties nor the issues are substantially the same. (*Id*. at 3-5.) Finally, they note that the Seventh Circuit has said that the presence of a federal question in the case, as with the FDCPA claim here, weighs heavily against abstention. (*Id*. at 7 (citing *Sverdrup Corp. v. Edwardsville Cmty. Unit Sch. Dist. No. 7*, 125 F.3d 546, 549 (7th Cir. 1997).).

The Court agrees that these cases are not parallel because of the distinct factual bases and differing legal issues. The state court case is a mortgage-foreclosure action. This lawsuit was brought to determine whether defendants violated the FDCPA when they entered plaintiff's property two years ago while the foreclosure action was pending. While the suits involve the same property, they seek to resolve different issues related to that property. *See McKenney-*

4

*Becker v. Safeguard Props., LLC,* No. 14-cv-04514, 2015 WL 170520, at *8 (N.D. Ill. Jan 13, 2015) (denying motion to abstain under *Colorado River* in similar circumstances and stating "[e]ven if Nationstar . . . succeeds in the foreclosure action . . . plaintiffs would still have a separate claim against [other defendants] for their actions or authorization of their actions entering the Property and removing Plaintiffs' personal belongings. As such, there is not a substantial likelihood that the state foreclosure action will dispose of Plaintiffs' claims presented in this federal litigation"). Because the cases are not parallel, the Court need not discuss the second part of the *Colorado River* analysis. Defendants' motions are denied.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss or stay [27] and [47] are denied. Status hearing set for April 25, 2017 at 9:30 a.m.

**SO ORDERED.** **ENTERED: March 31, 2017**

_____
**JORGE L. ALONSO**
**United States District Judge**